UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PUSHPA SHARMA and RAMESH SHARMA,

                        Plaintiffs,

        -against-

DOSHI DIAGNOSTICS IMAGING SERVICES,
P.C., HOOMA N. ZAIDI, M.D., QUEENS
LONG ISLAND MEDICAL GROUP, P.C.,
SUNEEL V. PARIKH, M.D. and LAURENCE
BUTT, M.D.,

                        Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 0 4 2010 ★
BROOKLYN OFFICE

**VERIFIED COMPLAINT**

Docket No.:
**10  2571**

JURY DEMANDED

GLEESON, J.

AZRACK, M.J.

Plaintiffs, by their attorneys, **Parker Waichman Alonso, LLP**, as and for the complaint against the defendant, respectfully allege as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. That at the time of the commencement of this action, plaintiffs were domiciled in the County of Orange and State of Florida.

2. That the cause of action alleged herein arose in the County of Queens, City and State of New York.

3. That this action is based upon diversity pursuant to Section 8, U.S.C. 1332.

4. That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

5. That this action falls within one or more of the exceptions as set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1603(5), §1603(6), §1603(7), §1603(8), §1603(9), §1603(10), §1603(11) and §1602(12) of the State of New York.

6. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C. was a professional corporation, incorporated in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

7. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C. was a not for profit corporation, incorporated in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

8. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C. was a professional corporation, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

9. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C. was a professional partnership, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

10. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C. was a professional business enterprise, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

11. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C. was a private voluntary corporation, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

12. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., was a professional corporation, incorporated in the State of

New York having its principal place of business and general offices in the County of Queens and City and State of New York.

13. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., was a not for profit corporation, incorporated in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

14. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., was a professional corporation, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

15. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C. was a professional partnership, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

16. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., was a professional business enterprise, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

17. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., was a private voluntary corporation, authorized to do business in the State of New York having its principal place of business and general offices in the County of Queens and City and State of New York.

18. That at all times mentioned herein, defendant, Hooma N. Zaidi, M.D. was a physician licensed to practice medicine in the State of New York, and maintained an office in the County of Queens.

19. That at all times mentioned herein, defendant, Suneel V. Parikh, M.D., was a physician licensed to practice medicine in the State of New York, and maintained an office in the County of Queens.

20. That at all times mentioned herein, defendant, Laurence Butt, M.D., was a physician licensed to practice medicine in the State of New York, and maintained an office in the County of Queens.

21. That at all times hereinafter mentioned, defendant, Hooma N. Zaidi, M.D., was or held herself out to be a medical health care provider offering professional services to the public in general and the plaintiff in particular.

22. That at all times hereinafter mentioned, defendant, Suneel V. Parikh, M.D., was or held himself out to be a medical health care provider offering professional services to the public in general and the plaintiff in particular.

23. That at all times hereinafter mentioned, defendant, Laurence Butt, M.D., was or held himself out to be a medical health care provider offering professional services to the public in general and the plaintiff in particular.

24. That at all times hereinafter mentioned, defendant, Hooma N. Zaidi, M.D., resided in the State of New York.

25. That at all times hereinafter mentioned, defendant, Suneel V. Parikh, M.D., resided in the State of New York.

26. That at all times hereinafter mentioned, defendant, Laurence Butt, M.D., resided in the State of New York.

27. That at all times hereinafter mentioned, defendant, Hooma N. Zaidi, M.D., was at all times required to conform with the standards of acceptable medical practice with respect to patients under their care.

28. That at all times hereinafter mentioned, defendant, Suneel V. Parikh, M.D., was at all times required to conform with the standards of acceptable medical practice with respect to patients under their care.

29. That at all times hereinafter mentioned, defendant, Laurence Butt, M.D., was at all times required to conform with the standards of acceptable medical practice with respect to patients under their care.

30. That at all times hereinafter mentioned, defendant, Hooma N. Zaidi, M.D., was at all times required to conform with the bylaws, rules, regulations and protocols as set forth by defendant, Doshi Diagnostics Imaging Services, P.C., with respect to patients under their care.

31. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., was at all times required to conform with the bylaws, rules, regulations and protocols as set forth by defendant, Doshi Diagnostics Imaging Services, P.C., with respect to patients under their care.

32. That at all times hereinafter mentioned, defendant, Hooma N. Zaidi, M.D., was a physician duly licensed to practice medicine as either a member, agent, servant or employee of defendant, Doshi Diagnostics Imaging Services, P.C.

33. That at all times hereinafter mentioned, defendant, Hooma N. Zaidi, M.D., was acting within the scope of her employment and/or business enterprise with defendant, Doshi Diagnostics Imaging Services, P.C.

34. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., is responsible for the acts and omissions of its members, agents, servants and employees of Doshi Diagnostics Imaging Services, P.C..

35. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., used, employed, controlled and supervised physicians, staff members, residents, interns, technicians, specialists, nurses and those who were employed, authorized, retained and permitted by the defendant, Doshi Diagnostics Imaging Services, P.C., to render medical services and perform necessary functions pertaining to any emergency treatment, pre-operative, operative and post-

operative procedures and to diagnose, operate, consult, care for, advise and treat patients in said facility.

36. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., owned the health facility known as Doshi Diagnostics Imaging Services, P.C., located at 43-55 147th Street, Flushing, New York, 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

37. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., operated the health facility known as Doshi Diagnostics Imaging Services, P.C., located at 43-55 147th Street, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

38. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., managed the health facility known as Doshi Diagnostics Imaging Services, P.C., located at 43-55 147th Street, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

39. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., maintained the health facility known as Doshi Diagnostics Imaging Services, P.C., located at 43-55 147th Street, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

40. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., controlled the health facility known as Doshi Diagnostics Imaging Services, P.C., located at 43-55 147th Street, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

41. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., inspected the health facility known as Doshi Diagnostics Imaging Services, P.C., located at 43-55 147th Street, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

42. That at all times hereinafter mentioned, defendant, Suneel V. Parikh, M.D., was at all times required to conform with the bylaws, rules, regulations and protocols as set forth by defendant, Queens Long Island Medical Group, P.C., with respect to patients under their care.

43. That at all times hereinafter mentioned, defendant, Laurence Butt, M.D., was at all times required to conform with the bylaws, rules, regulations and protocols as set forth by defendant, Queens Long Island Medical Group, P.C., with respect to patients under their care.

44. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., was at all times required to conform with the bylaws, rules, regulations and protocols as set forth by defendant, Queens Long Island Medical Group, P.C., with respect to patients under their care.

45. That at all times hereinafter mentioned, defendant, Suneel V. Parikh, M.D., was a physician duly licensed to practice medicine as either a member, agent, servant or employee of defendant, Queens Long Island Medical Group, P.C.

47. That at all times hereinafter mentioned, defendant, Laurence Butt, M.D., was a physician duly licensed to practice medicine as either a member, agent, servant or employee of defendant, Queens Long Island Medical Group, P.C.

48. That at all times hereinafter mentioned, defendant, Suneel V. Parikh, M.D., was acting within the scope of his employment and/or business enterprise with the defendant, Queens Long Island Medical Group, P.C.

49. That at all times hereinafter mentioned, defendant, Suneel V. Parikh, M.D., was acting within the scope of his employment and/or business enterprise with defendant, Queens Long Island Medical Group, P.C.

50. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., is responsible for the acts and omissions of its members, agents, servants and employees of Queens Long Island Medical Group, P.C..

51. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., used, employed, controlled and supervised physicians, staff members, residents, interns, technicians, specialists, nurses and those who were employed, authorized, retained and permitted by defendant, Queens Long Island Medical Group, P.C., to render medical services and perform necessary functions pertaining to any emergency treatment, pre-operative, operative and post-operative procedures and to diagnose, operate, consult, care for, advise and treat patients in said facility.

52. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., owned the health facility known as Queens Long Island Medical Group, P.C., located at 140-15 Sanford Avenue, Flushing, New York, 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

53. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., operated the health facility known as Queens Long Island Medical Group, P.C., located at 140-15 Sanford Avenue, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

54. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., managed the health facility known as Queens Long Island Medical Group, P.C., located at 140-15 Sanford Avenue, Flushing, New York 11355,

together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

55. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., maintained the health facility known as Queens Long Island Medical Group, P.C., located at 140-15 Sanford Avenue, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

56. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., controlled the health facility known as Queens Long Island Medical Group, P.C., located at 140-15 Sanford Avenue, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

57. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., inspected the health facility known as Queens Long Island Medical Group, P.C., located at 140-15 Sanford Avenue, Flushing, New York 11355, together with wards, beds, bedrooms, x-ray rooms, operating rooms, equipment and appurtenances thereof.

58. That the plaintiff, Pushpa Sharma, was a patient of the defendant, Queens Long Island Medical Group, P.C., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

59. That the plaintiff, Pushpa Sharma, was a patient of the defendant, Suneel V. Parikh, M.D., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

60. That the plaintiff, Pushpa Sharma, was a patient of the defendant, Laurence Butt, M.D., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

61. That on November 20, 2008, prior thereto, and continuing thereafter, the plaintiff, Pushpa Sharma, was a patient of the defendant, Queens Long Island Medical Group, P.C., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

62. That on November 20, 2008, prior thereto, and continuing thereafter, the plaintiff, Pushpa Sharma, was a patient of the defendant, Hooma N. Zaidi, M.D., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

63. That on November 20, 2008, prior thereto, and continuing thereafter, the plaintiff, Pushpa Sharma, was a patient of the defendant, Suneel V. Parikh, M.D., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

64. That on November 20, 2008, prior thereto, and continuing thereafter, the plaintiff, Pushpa Sharma, was a patient of the defendant, Laurence Butt, M.D., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

65. That on November 20, 2008, prior thereto, and continuing thereafter, the plaintiff, Pushpa Sharma, was a patient of the defendant, Queens Long Island Medical Group, P.C., for diagnosis, care and treatment, and to receive services that might be necessary with respect thereto.

66. That all of the above named defendants held themselves out to the public, and more particularly, to the plaintiff, Pushpa Sharma, as possessing the proper degree of learning and skill and undertook to use reasonable care and diligence in the treatment of patients.

67. That at all times hereinafter mentioned, the defendant, Hooma N. Zaidi, M.D., represented that she possessed the skill, knowledge and ability generally

possessed by physicians practicing his profession and in the rendition of all services to be rendered in connection with the plaintiff, Pushpa Sharma.

68. That the defendant, Hooma N. Zaidi, M.D., represented herself to be competent and perform all of the professional work, labor, services and treatment required by the plaintiff, Pushpa Sharma.

69. That at all times hereinafter mentioned, the defendant, Suneel V. Parikh, M.D., represented that he possessed the skill, knowledge and ability generally possessed by physicians practicing his profession and in the rendition of all services to be rendered in connection with the plaintiff, Pushpa Sharma.

70. That the defendant, Suneel V. Parikh, M.D., represented himself to be competent and perform all of the professional work, labor, services and treatment required by the plaintiff, Pushpa Sharma.

71. That at all times hereinafter mentioned, defendant, Laurence Butt, M.D., represented that he possessed the skill, knowledge and ability generally possessed by physicians practicing his profession and in the rendition of all services to be rendered in connection with the plaintiff, Pushpa Sharma.

72. That the defendant, Laurence Butt, M.D., represented himself to be competent and perform all of the professional work, labor, services and treatment required by the plaintiff, Pushpa Sharma.

73. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., its agents, servants, workers, and/or employees represented themselves to be competent to perform and render all professional work, labor, service and treatment required by the plaintiff, Pushpa Sharma.

74. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., its agents, servants, workers, and/or employees represented themselves to be competent to perform and render all professional work, labor, service and treatment required by the plaintiff, Pushpa Sharma.

75. That at all times hereinafter mentioned, defendant, Doshi Diagnostics Imaging Services, P.C., held out defendant, Hooma N. Zaidi, M.D., as competent to perform and render medical services and to perform all necessary and proper medical functions in the care, diagnosis, and treatment of the plaintiff, Pushpa Sharma.

76. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., held out defendant, Suneel V. Parikh, M.D., as competent to perform and render medical services and to perform all necessary and proper medical functions in the care, diagnosis, and treatment of the plaintiff, Pushpa Sharma.

77. That at all times hereinafter mentioned, defendant, Queens Long Island Medical Group, P.C., held out defendant, Laurence Butt, M.D., as competent to perform and render medical services and to perform all necessary and proper medical functions in the care, diagnosis, and treatment of the plaintiff, Pushpa Sharma.

78. That the medical and/or surgical treatment, services and advice rendered to plaintiff, Pushpa Sharma, by defendant, Doshi Diagnostics Imaging Services, P.C., their agents, servants and/or employees, were negligently, carelessly, recklessly and grossly negligently performed and were rendered in a manner which departed from good and accepted medical and hospital practice then and there prevailing and constituted professional medical malpractice.

79. That defendant, Doshi Diagnostics Imaging Services, P.C., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, Pushpa Sharma, which adversely affected the health, well-being and future treatment of plaintiff.

80. That defendant, Doshi Diagnostics Imaging Services, P.C., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, Pushpa Sharma, which adversely affected the health well-being and future treatment of plaintiff.

81. That the medical and/or surgical treatment, services and advice rendered to plaintiff, Pushpa Sharma, by defendant Queens Long Island Medical Group, P.C., their agents, servants and/or employees, were negligently, carelessly, recklessly and grossly negligently performed and were rendered in a manner which departed from good and accepted medical practice then and there prevailing and constituted professional medical malpractice.

82. That defendant, Queens Long Island Medical Group, P.C., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, PUSHPA SHARMA, which adversely affected the health, well-being and future treatment of plaintiff.

83. That defendant, Queens Long Island Medical Group, P.C., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, PUSHPA SHARMA, which adversely affected the health well-being and future treatment of plaintiff.

84. That the medical and/or surgical treatment, services and advice rendered to plaintiff, Pushpa Sharma, by defendant, Hooma N. Zaidi, M.D., her agents, servants and/or employees, were negligently, carelessly, recklessly and grossly negligently performed and were rendered in a manner which departed from good and accepted medical practice then and there prevailing and constituted professional medical malpractice.

85. That defendant, Hooma N. Zaidi, M.D., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, Pushpa Sharma, which adversely affected the health, well-being and future treatment of plaintiff.

86. That defendant, Hooma N. Zaidi, M.D., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff,

Pushpa Sharma, which adversely affected the health well-being and future treatment of plaintiff.

87. That the medical and/or surgical treatment, services and advice rendered to plaintiff, Pushpa Sharma, by defendant, Suneel V. Parikh, M.D., his agents, servants and/or employees, were negligently, carelessly, recklessly and grossly negligently performed and were rendered in a manner which departed from good and accepted medical practice then and there prevailing and constituted professional medical malpractice.

88. That defendant, Suneel V. Parikh, M.D., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, Pushpa Sharma, which adversely affected the health, well-being and future treatment of plaintiff.

89. That defendant, Suneel V. Parikh, M.D., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, Pushpa Sharma, which adversely affected the health well-being and future treatment of plaintiff.

90. That the medical and/or surgical treatment, services and advice rendered to plaintiff, Pushpa Sharma, by defendant, Laurence Butt, M.D., his agents, servants and/or employees, were negligently, carelessly, recklessly and grossly negligently performed and were rendered in a manner which departed from good and accepted medical practice then and there prevailing and constituted professional medical malpractice.

91. That defendant, Laurence Butt, M.D., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, Pushpa Sharma, which adversely affected the health, well-being and future treatment of plaintiff.

92. That defendant, Laurence Butt, M.D., negligently, carelessly, recklessly and grossly negligently failed to properly test, diagnose and treat plaintiff, Pushpa Sharma, which adversely affected the health well-being and future treatment of plaintiff.

93. That the defendants were negligent and committed malpractice in failing to treat the plaintiff, Pushpa Sharma, in an accepted and proper medical manner; in failing to appreciate the significance of the signs and symptoms exhibited by the plaintiff; in failing to properly treat the plaintiff in the hospital; in failing to perform tests upon the plaintiff; in negligently and improperly performing tests upon the plaintiff; in failing to properly interpret tests of the plaintiff; in negligently and improperly treating, handling and caring for the plaintiff so as to cause her severe personal injuries; in failing to provide the plaintiff with an adequate medical facility and staff; in failing to properly coordinate plaintiff's medical care; in negligently failing and neglecting to use reasonable care in the services and care rendered for an on behalf of the plaintiff; in negligently and carelessly failing and neglecting to heed plaintiff's condition; negligently and carelessly departing from good and accepted medical practice in the treatment rendered upon plaintiff; in failing to perform indicated procedures and/or improperly performing said indicated procedures; in negligently failing to take a proper history and physical examination of plaintiff's medical condition prior to instituting treatment; in negligently departing from good and accepted hospital practice and procedures in services rendered to plaintiff; in failing to heed and/or otherwise appreciate the significance of signs and symptoms exhibited by plaintiff following medical procedures and tests performed by defendants; in carelessly and negligently prescribing medication; in carelessly and negligently failing to properly treat plaintiff's condition; in negligently departing from accepted practice and in otherwise being negligent, careless, reckless and grossly negligent and chargeable with malpractice.

94. That in performance of their medical duties, defendants, individually and/or by their agents, servants, workers, employees and/or representatives failed to meet the standard or prudence and competence of the medical community for which they practiced.

95. That in performance of their medical duties, defendants, individually and by their agents, servants, workers, employees did not utilize the expert knowledge that the plaintiff, Pushpa Sharma, was led to believe the defendants possessed.

96. That all of the above occurred through no fault or lack of care on the part of the plaintiff herein.

97. That by reason of the foregoing, the plaintiff, Pushpa Sharma, sustained and suffered severe injuries and complications, all to her damage in an amount not to exceed TWENTY MILLION ($20,000,000.00) DOLLARS, together with costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

98. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if more fully set forth at length herewith.

99. That the defendants failed to inform the plaintiff, Pushpa Sharma, of the risks, hazards and alternatives to/for treatment of the plaintiff herein.

100. That by reason of the foregoing, plaintiff, Pushpa Sharma, was unable to and did not give an informed consent to the treatment.

101. That had a reasonable person been advised of the risks, hazards and alternative mode of treatment, they would not have given their permission for such treatment that was performed by the defendants.

102. That by reason of the foregoing, plaintiff, Pushpa Sharma, sustained and suffered severe injuries and complications, all to her damage in an amount not to exceed TWENTY MILLION ($20,000,000.00) DOLLARS, together with costs and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION

103. That at all times hereinafter mentioned, plaintiff, RAMESH SHARMA, repeats, reiterates and realleges each and every allegation contained herein, as though same more fully set forth herein at length.

104. Plaintiff, RAMESH SHARMA, is the spouse of plaintiff, PUSHPA SHARMA, and as such is entitled to the services, society, companionship, consortium and support of the plaintiff, PUSHPA SHARMA.

105. That by reason of the foregoing plaintiff, RAMESH SHARMA, was deprived of the services, society, companionship, consortium and support of plaintiff, PUSHPA SHARMA, in an amount not to exceed TWO MILLION ($2,000,000.00) DOLLARS, together with costs and disbursements.

**WHEREFORE,** plaintiff, PUSHPA SHARMA demands judgment against the defendants, individually and/or jointly, their agents, servants and/or employees in the "FIRST" and "SECOND" Causes of Action an amount not to exceed TWENTY MILLION ($20,000,000.00) DOLLARS, and plaintiff, RAMESH SHARMA demands judgment against the defendants, individually and/or jointly, their agents, servants and/or employees in the "THIRD" Cause of Action, an amount not to exceed TWO MILLION ($2,000,000.00) DOLLARS, together with costs and disbursements of this action.

Dated:   Port Washington, New York
         May 18, 2010

                                    Yours, etc.

                                    _____
                                    Raymond C. Silverman (RCS4057)
                                    rsilverman@yourlawyer.com
                                    **Parker Waichman Alonso, LLP**
                                    Attorneys for Plaintiffs
                                    Office Address:
                                    6 Harbor Park Drive
                                    Port Washington, NY 11050
                                    516-466-6500

## PARKER WAICHMAN ALONSO LLP

## ATTORNEYS VERIFICATION

STATE OF NEW YORK )
: ss :
COUNTY OF NASSAU )

Raymond C Silverman, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am a member/associate of the firm **PARKER WAICHMAN ALONSO LLP** attorneys for the plaintiff(s) herein.

I have read the foregoing Verified Complaint and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated: Port Washington, New York
May 25, 2010

Raymond C Silverman (RCS4057)